Filed 9/18/15  In re D.S. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re D.S., a Person Coming Under the Juvenile Court Law. | |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | D068131 |
| Plaintiff and Respondent, | (Super. Ct. No. J516224B) |
| v. | |
| C.B., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Kimberlee A. Lagotta, Judge.  Reversed and remanded with directions.

Monica Vogelmann, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas E. Montgomery, County Counsel, John E. Philips, Chief Deputy County Counsel, and Lisa M. Maldonado, Deputy County Counsel, for Plaintiff and Respondent.

C.B. appeals from a judgment terminating her parental rights to her daughter, D.S., under Welfare and Institutions Code[1] section 366.26. She contends the trial court erred by terminating her parental rights before receiving the Cherokee Nation's response to additional information about the child's Indian ancestors. The San Diego County Health and Human Services Agency (Agency) acknowledges that the notices provided to the Cherokee Nation and other Indian tribes pursuant to the Indian Child Welfare Act (ICWA), title 25 United States Code section 1901 et seq. and California Welfare and Institutions Code section 224 et seq., contained inaccurate information and asks that this court conditionally reverse the judgment terminating parental rights.

We agree that proper ICWA notice was not provided and conditionally reverse the judgment terminating parental rights for compliance with the ICWA subject to reinstatement if the child is not an Indian child within the meaning of the ICWA.

FACTUAL AND PROCEDURAL BACKGROUND

In August 2013, the juvenile court took jurisdiction over one-month-old D.S. and removed her from parental custody. Dale S., D.S.'s father, said he had Blackfoot and Sioux Indian heritage on his mother's side, and Cherokee heritage on his father's side. On January 29, 2014, the Agency sent notices to 19 Indian tribes,[2] including the Cherokee Nation. The Cherokee Nation sent a letter, dated February 10, 2014, to the Agency

---

1    All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

2    The Agency also noticed the Bureau of Indian Affairs (BIA) and the United States Department of the Interior (Interior Department).

asking for more information about the child's great-grandparents, including their full names and dates of birth. The Cherokee Nation requested the middle name and birth date of great-grandfather Charles S. The letter invited the Agency to respond by mail, fax or e-mail.

The Agency met with the paternal grandfather and made further inquiries. He did not know Charles's middle name or birth date, but provided some other information about his relatives to the social worker. The social worker sent an e-mail to the Cherokee Nation on March 26, 2014, providing a great-grandfather's birth year, correcting a great-grandmother's first name, and correcting Charles's status from a paternal to a maternal relative. The social worker did not provide notice of the next juvenile court hearing date.

On April 8, 2014, the juvenile court held a special hearing to review the ICWA notices and responses. The Agency reported that 18 Indian tribes determined D.S. was not eligible for membership in their tribes. The court said it reviewed the Agency's report and all the tribes except the Cherokee Nation had responded that the child was not eligible for enrollment. The court found the ICWA did not apply because it had been more than 60 days since notice was sent to the Cherokee Nation.

At the section 366.26 hearing, held on April 30, 2015, the juvenile court found the ICWA notice was not required because the court had reason to know the child was not an Indian child within the meaning of the ICWA. The court selected a plan of adoption for D.S. and terminated parental rights.

DISCUSSION

The ICWA notice requirements are strictly construed.  (*In re G.S.R*. (2008) 159 Cal.App.4th 1202, 1216.)  "The notice must include the name, [birth date], and birthplace of the Indian child; his or her tribal affiliation; a copy of the dependency petition; the petitioner's name; a statement of the right to the tribe to intervene in the proceeding; and information about the Indian child's biological mother, biological father, maternal and paternal grandparents and great-grandparents or Indian custodians, including maiden, married and former names or aliases; [birth dates]; places of birth and death; current and former addresses; tribal enrollment numbers, and/or other identifying information."  (*In re Louis S*. (2004) 117 Cal.App.4th 622, 630; see § 224.2 [requiring notice to be sent by registered or certified mail with return receipt requested].)  Notice is meaningless if no information or insufficient information is presented to the tribe to make that determination.  (*In re D.T*. (2003) 113 Cal.App.4th 1449, 1455.)

The Agency acknowledges that the notices sent to the Cherokee Nation, the other tribes, the BIA and the Interior Department contained inaccurate information.  Only the Cherokee Nation was notified of those inaccuracies.  However, the social worker did not inform the Cherokee Nation that a special ICWA hearing was scheduled in less than two weeks.  The Agency concedes that a limited remand is necessary to allow it to provide proper ICWA notice 60 days in advance of the section 366.26 hearing.  (§ 224.3, subd. (e)(3).)

4

In this case, ICWA notice requirements were not satisfied because of the juvenile court's mistaken assumptions that proper notice had been given. Remand is required to ensure compliance with the ICWA.

## DISPOSITION

The order terminating parental rights is reversed. The case is remanded to the juvenile court with directions to vacate its finding that the ICWA does not apply and complete notice in accordance with the ICWA. If, after proper notice, the court finds that D.S. is an Indian child, the court shall proceed in conformity with the ICWA. If, after proper notice, the court finds that D.S. is not an Indian child, the order terminating parental rights and selecting adoption as the permanent plan shall be reinstated.

McDONALD, J.

WE CONCUR:

McCONNELL, P. J.

IRION, J.

5